STANLEY, Commissioner.
A collision occurred in Breathitt County on December 20, 1956, between a new Cadillac automobile owned and driven by William Burke and a truck of the Department of Highways. Burke suffered personal injuries and his automobile great damage. He filed with the Board of Claims (KRS 44.070 et seq.) a complaint against the Department of Highways seeking recovery of $4,500 for his injuries and special consequent damages. Motors Insurance Corporation, under a casualty policy of insurance of the automobile, paid Burke $2,586.90. The policy provided for $100 deductible from the amount of actual damage, which sum was borne by Burke. A joint claim for $2,686.90 was filed by Burke and the insurance company as his subrogee.
The claims were consolidated. A referee of the Board of Claims heard the evidence and filed what he "denominated “Findings of Fact, Conclusions of Law and Recommendation.” The “Findings of Fact” recited the pleadings and gave a summary of the evidence but made no definite finding except as the same is implicit in the “Con- *45 elusions of Law,” which was that Burke was guilty of contributory negligence. The report added that “even if” the truck driver was also negligent, Burke had the “last clear chance” to avoid the collision and must be held wholly responsible for the accident.
The Board of Claims dismissed the claims on the ground that no exceptions had been filed to the referee’s report and recommendation.
We find no authority in the statute for the appointment by the then constituted Board of Claims of a referee to hear evidence and make recommendations, or, of course, for the filing of exceptions to any report. (See Amendment, 1960 session of General Assembly.) The statute read, “Each hearing shall be conducted by •one or more members of the board.” KRS 44.070(5). It further directed that the Board should “consider the entire record and dispose of the claim.” KRS 44.070(6). Another section prescribed that an “award or judgment shall be'made only after consideration of the facts surrounding the •matter in controversy.” KRS 44.120. It appears that the Board did not even consider the evidence 'taken by the “referee” Sbut disposed of the cases as by default.
The appellee rests its - case solely on the provision of the statute that on an appeal the circuit court is limited to determining "“whether the findings of fact support the award.” As no “award” was made, the term must be construed as “decision.” (A former Board of Claims statute used the term “award or judgment.” KRS 44.140, 1953 edition.) Since the Board did not consider the evidence, we do. not think the circuit court was, or this court on a review, is required to give any weight to the findings of fact by an unauthorized referee.
The circuit court concluded that “judgment of the Board of Claims was- correct and should be and is now confirmed.” The judgment must be regarded as having been on a de novo consideration of the record, although we have the impression the court was influenced by the ineffectual finding of .an unauthorized referee.
The function and power of the Board of Claims' was' judicial, though limited and qualified. 42 Ain.Jur., Public Administrative Law, §§ 61, 107. The establishment 'of the Board was under § 231 of the Constitution authorizing the General Assembly to direct in what courts and in what manner suits may be brought against the Commonwealth. The proceedings before the Board are but an intermediate step, for thé enforcement-of its award-must bé by a circuit court. KRS 44.130. The' Board was not authorized to delegate the hearing to a referee or accept his decision merely .because np party . had filed exceptions to it. Their duty was :to consider and appraise the evidence, even though it was initially taken by a referee without' objection. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143, rehearing denied 302 U.S. 772, 58 S.Ct. 3, 82 L.Ed. 599.
We think the circuit court should have remanded the case to the Board of Claims for its action in accordance with the applicable law and its determination of the merits of the claims. To that end the judgment is reversed fo‘r consistent proceedings.
Judgment reversed.